IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

Aaron James Smith, Sui Juris

Living Man, Beneficiary, One of the People

Plaintiff/Claimant/Relator

V.

STATE OF OHIO, Corporate and Political Body

Defendant/Respondant

Case No.:

Judge:

RECEIVED

APR 28 2025

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI OHIO

1:25 CV 271

J. COLE

M.J. BOWMAN

CIVIL COMPLAINT FOR DAMAGES, COMPENSATION, AND
RELIEF (FRAUD, COMMON LAW VIOLATIONS, CONSTI-
TUTIONAL TORTS, CIVIL RIGHTS VIOLATIONS, PAIN
AND SUFFERING AND EMOTIONAL DISTRESS, UCC AND
USC VIOLATIONS, DEMAND FOR REMEDY)

Aaron James Smith, sui juris

2525 Victory Parkway Apt. 716

Cincinnati, OH, 45206

Plaintiff/Claimant/Relator

V.

STATE OF OHIO

30 East Broad Street, 14th Floor

Columbus, OH, 43215

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Aaron James Smith, sui juris          Case No.:
Plaintiff/Claimant/Relator          Judge :

V.                                    CIVIL COMPLAINT FOR
STATE OF OHIO            DAMAGES, COMPENSATION, AND
Defendant/Respondant   RELIEF ; AFFIDAVIT OF FACTS,
                                    AFFIDAVIT OF INDIGENCE


CIVIL COMPLAINT FOR DAMAGES, COMPENSATION,
AND RELIEF
(FRAUD, COMMON LAW VIOLATIONS, CONSTITUTIONAL TORTS,
CIVIL RIGHTS VIOLATIONS, PAIN AND SUFFERING, AND E-
MOTIONAL DISTRESS, ULL AND USC VIOLATIONS, DE-
MAND FOR REMEDY)
 TRIAL BY JURY AND COMMON LAW INVOKED

1. JURISDICTION AND VENUE

1. Plaintiff comes before this court as a Living Man,
one of the people, proceeding sui juris and invoking
common law jurisdiction and protections afforded to
the indigent for the purpose of truth-seeking,
remedy, and redress.

2. Jurisdiction arises under 28 USC. §§ 1331,
1343(a)(3), 2201, and 2202; 42 USC. §§ 1983,
1985(3), and 1986; the Constitution for the United

Page 1

States of America(1787); and the Uniform Commercial Code including UCC § 1-103 and 1-308.

3. Venue is proper in this jurisdiction or judicial district under 28 U.S.C. § 1391, as the events giving rise to this action and the claims occurred within Hamilton County, Ohio.

2. PARTIES

4. Plaintiff is a Living Man and private American National, proceeding under common law and natural law, without contract, without corporate capacity, and without representation. Plaintiff invokes the status of beneficiary and creditor to the AARON (JAMES) SMITH estate, and seeks redress against those acting under assumed authority.

5. Defendant STATE OF OHIO is a political subdivision and corporate body liable for the acts of its employees, agents, officers, agencies, judicial actors, and all other state actors who conspired, cooperated, or enabled the deprivation of Plaintiff's rights under color of law outside constitutional authority.

3. STATEMENT OF FACTS

6. The alleged criminal case known as STATE OF OHIO v. AARON SMITH, Case No. B1300149 originated in Hamilton County, Ohio and was initiated by the

Page 2

STATE OF OHIO without lawful foundation or injured party.

7. Plaintiff was initially charged with assault and auto-theft but later indicted by a grand jury with a fabricated charge of Attempt (Rape) 2923.02(A) [F2], a non-existent criminal action created through unlawful merging of ORC § 2923.02(A)(Attempt) with ORC § 2907.02(Rape), thus constituting a forged charge that lacks legal validity under Ohio law.

8. A jury trial was held, presided by Judge Robert P. Ruehlman, which resulted in a hung jury, creating reasonable doubt and demonstrating lack of sufficient evidence. Judge Ruehlman misrepresented the definition of the alleged crime and denied Plaintiff's right to effective assistance of counsel and to remove ineffective representation.

9. Plaintiff's appointed trial counsel, Raymson L. hatz, failed to furnish discovery, filed an N.G.R.I plea without consent, acted without consultation, and failed to object to unlawful charges.

10. A second bench trial was conducted under Judge Nadine Allen, who entered a not guilty verdict for Attempt (Rape), but proceeded to convict Plaintiff of Attempt (GSI), a second forged charge that improperly merges ORC § 2923.02(A)

Page 3

with ORC § 2907.05(6.5.7), a legal contradiction constituting further fraud.

11. Judge Allen justified the conviction by stating she "felt" Plaintiff was guilty of something and equated the act to "peeing in public," a comment inconsistent with Public Indecency charges and outside the legal scope of the case.

12. Plaintiff was incarcerated under a $250,000 straight bail from January 4, 2013 to September 23, 2014, losing over 22 months of liberty and life under fabricated charges that were never supported by verified complaints or injured parties, thereby constituting false imprisonment.

13. Plaintiff's second counsel, Mary J. Foster, also failed to provide discovery, acted unilaterally, failed to object to the false conviction, and discouraged Plaintiff from filing an appeal, thereby denying access to remedy.

14. The alleged victim, Mariah Ellison, gave contradictory testimony and failed to provide verifiable injury. Prosecutor Seth Tiegers falsely labeled Plaintiff a sex offender despite no previous criminal record, violating the presumption of innocence.

15. The entire process was a sham legal proceeding, orchestrated by state actors under color of law, to fraudulently manufacture a criminal record against

Page 4

Plaintiff, violating due process, natural law, and constitutional guarantees.

16. At no time was Plaintiff afforded a preliminary hearing, nor was there any judicial finding of probable cause at the onset of prosecution. This omission represents a direct violation of due process and deprivation of procedural safeguards guaranteed under both the U.S. Constitution (Amendment 5 and 14) and the Ohio Constitution.

17. The denial of a preliminary hearing deprived Plaintiff of an essential procedural defense, preventing Plaintiff from challenging the sufficiency of the State's allegations or the ~~grand jury~~ a fraudulent charges manufactured by the grand jury.

18. The failure to follow proper legal procedure further invalidates the indictment and prosecution, compounding the legal and constitutional violations of the STATE OF OHIO and its actors.

4. CLAIMS FOR RELIEF

~Count 1: Common Law Fraud and Forged Charges

Defendant knowingly charged Plaintiff with fictitious and forged criminal offenses by unlawfully merging ORC § 2923.02(A) with ORC § 2907.02 and § 2907.05, constituting fraud, deceit, and malicious prosecution under common

Page 5

law. These violations are actionable under 42 U.S.C. § 1983 and UCC § 1-103.

- Count 2: Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3))

The coordinated actions of prosecutors, judges, court-appointed attorneys, and law enforcement agents to prosecute Plaintiff without probable cause, jurisdiction, or lawful procedure constitute a conspiracy to violate constitutional protections under the First, Sixth, and Fourteenth Amendments.

- Count 3: Ineffective Assistance of Counsel (Sixth Amendment)

State appointed attorneys deprived Plaintiff of meaningful representation by refusing to provide discovery, making unauthorized pleas, and failing to object to unconstitutional proceedings. These violations contributed to Plaintiff's conviction and are actionable under 42 U.S.C. § 1983 and UCC § 1-308.

Count 4: Abuse of Process and Malicious Prosecution

Defendant misused legal procedures for illegitimate purposes, including defamation and psychological coercion. There was no lawful basis for the prosecution, violating Plaintiff's rights under ORC § 2921.45 and the Due Process Clauses of the

Page 6

U.S. and Ohio Constitutions.

-Count 5: Defamation and Reputational Harm

False criminal accusations and public mischaracter-
ization by prosecutors and court officers
irreparably damaged Plaintiff's name and
character. Such slander violated natural law,
common law, and the presumption of innocence.

-Count 6: Pain and Suffering, Emotional Distress, and
Psychological Harm

The fraudulent prosecution caused extreme pain
and suffering, mental anguish, spiritual trauma,
depression, and fear. These torts are compensable
under federal civil rights law, common law, and
equity.

-Count 7: UCC and Contract Law Violations
(UCC §§ 1-308, 1-103)

At no time did Plaintiff enter a valid contract,
submit to jurisdiction, or consent to be governed
by commercial codes or administrative processes.
The assumption of jurisdiction and the imposition
of charges without consent violates UCC §§ 1-308,
1-103, and common law rights.

-Count 8: Denial of Preliminary Hearing and
Procedural Due Process (Amendments 5, 14)

Plaintiff was never given a preliminary
hearing, thus denying an essential

Page 7

constitutional safeguard. The absence of a
judicial determination of probable cause rendered
the indictment void ab initio, violating 42
U.S.C. §1983 and Ohio procedural statutes.

5. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Aaron James Smith,
a living man operating under common law
jurisdiction and invoking constitutional and
unalienable rights, respectfully demands judge-
ment against Defendant, jointly and severally,
and requests that this Honorable Court grant
the following relief:

1. A declatory judgement affirming that the STATE
OF OHIO, through its officers, agents, employees,
and subdivisions, violated Plaintiff's constitutional
rights under the United States Constitution, in-
cluding but not limited to the First, Fourth,
Fifth, Sixth, Eighth, Ninth, Thirteenth, and
Fourteenth Amendments;

2. A declatory judgement affirming that the
actions undertaken by the STATE OF OHIO
and its representatives, including the
sham legal proceedings, false indictment,
forged charges, and conviction based upon
contradictory and fraudulent applications
of Ohio Revised Code § 2923.02(A),

Page 8

§ 2907.02, and § 2907.05, constituted violations of Plaintiff's unalienable rights and civil liberties;

3. A declatory judgement that the STATE OF OHIO lacked subject matter jurisdiction and personal jurisdiction over Plaintiff, failed to establish a valid contract or injured party, and acted in bad faith under color of law;

4. A permanent injunction prohibiting any officer, agent, agency, department, or court of the STATE OF OHIO from enforcing, referencing, or utilizing Case No. B1300149 in any capacity against Plaintiff in the future;

5. An order directing the expungement or sealing of all records, dockets, indexes, and data-bases connected to Case No. B1300149 and all related forged charges including Attempt (Rape) and Attempt (GSI) from Plaintiff's criminal history and public record;

6. Compensatory damages in the amount $3,000,000,000 (three billion dollars) USD for irreparable harm, prolonged emotional distress, mental trauma, defamation of character, the destruction of Plaintiff's personal reputation, spiritual injury, and unlawful incarceration from January 4, 2013 to

Page 9

September 23, 2014, without a fair trial, with a high and unadjusted bail of $250,000 straight;

7. General damages for ongoing harm to Plaintiff's liberty, dignity, and pursuit of happiness in a sum to be determined at trial;

8. Punitive damages in the amount of $4,000,000,000 (four billion dollars) USD to punish and deter future conduct of this nature by government actors and institutions, and to reflect the magnitude of the fraud, deception, and egregious constitutional violations perpetrated by the STATE OF OHIO and its' agents;

9. A finding that all monetary awards, including compensatory, general, and punitive damages, shall be treated as untaxable and/or shall be calculated and disbursed at their full after-tax value, not subject to taxation, garnishment, or deduction by any government agency at the federal, state, or local level;

10. An order granting the Plaintiff indigent status and ordering the provisions of all investigatory and discovery-related support necessary to properly pursue this matter, including subpoenas, depositions, and records access;

11. Such other and further relief as this Court

Page 10

deems just, proper, and equitable in the
interest of justice and to remedy the injuries
sustained by Plaintiff.

Respectfully Submitted,

Aaron James Smith
All Rights Reserved, UCC 1-308, UCC 1-103,
Without Prejudice
Pro Se (Sui Juris) Plaintiff
2525 Victory Parkway Apt. 116, Cincinnati, OH,
45206 - s.aaron1010@gmail.com
        - 937-521-0341

Verification

I, Aaron James Smith, being of lawful age and sound
mind, declare under penalty of perjury that the
foregoing statements are true, correct, and complete,
based upon my personal knowledge, to the best of
my knowledge and belief.

Executed on this 25th day of April, 2025.

X Aaron Smith All Rights Reserved, UCC 1-308 UCC 1-103
                                        w/out prejudice
Aaron James Smith, Sui Juris

State of Ohio   County of Hamilton
Sworn to, or affirmed, and subscribed before me
this 25 day of April, 2025.

X St

Notary Public - State of Ohio
My Commission Expires: 10/20/25
Page 11   Date: 4/25/2025

STEVEN ARGENTIERO
Notary Public, State of Ohio
My Comm. Expires 10-20-2025
(SEAL)

Certificate of Service

I hereby certify that a true copy of the foregoing
Complaint was filed to the Clerk of Courts of
the United States District Court Southern District
of Ohio and served to Defendant, STATE OF OHIO
at 30 East Broad St. 14 Floor, Columbus, OH, 43215.

Page 12